UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRELL GUNN,

                        Plaintiff,

-against-

SERGEANT "BILL"; NURSE DONNA COLLINS; CORRECTION OFFICER JOHN DOE; CORRECTION OFFICER ESPOSITO; CORRECTION OFFICER FINN; NURSE DAVE LINDEMANN; SERGEANT D. MAZZELLA; SERGEANT D. MALARK; SERGEANT W. ROSER, JR.; NURSE CARRIE SOLTISH,

                        Defendants.

20-CV-1787 (PMH)

ORDER OF SERVICE

PHILIP M. HALPERN, United States District Judge:

Plaintiff, currently incarcerated in Sing Sing Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. By order dated March 24, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

## DISCUSSION

**A.    Service on Identified Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Donna Collins, Correction Officer Esposito, Correction Officer Finn, Dave Lindemann, Sergeant D. Mazzella, Sergeant D. Malark, Sergeant W. Roser, Jr., and Carrie Soltish through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.** *Valentin* **Order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York State Department of Corrections and Community

2

Supervision ("DOCCS") to identify (1) the sergeant at Downstate whose first name is Bill, and who assisted in escorting Plaintiff to the clinic at Downstate on June 5, 2017; and (2) the John Doe correction officer who assisted Sergeant "Bill" in escorting Plaintiff to the clinic at Downstate on June 5, 2017. It is therefore ordered that the New York State Attorney General, who is the attorney for and agent of the DOCCS, must ascertain the identity and badge number of Sergeant "Bill" and the John Doe correction officer and the address where each defendant may be served. The New York State Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint with the full names of these defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form for Plaintiff to complete after receiving this information is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver to the U.S. Marshals Service all documents necessary to effect service.

### C.     Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled ["Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."](#) Within 120 days of

service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

**CONCLUSION**

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court instructs the Clerk of Court to complete the USM-285 forms with the addresses for Donna Collins, Correction Officer Esposito, Correction Officer Finn, Dave Lindemann, Sergeant D. Mazzella, Sergeant D. Malark, Sergeant W. Roser, Jr., and Carrie Soltish, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court further directs the Clerk of Court to mail a copy of this order and the complaint to the New York State Attorney General at 28 Liberty Street, 15th Floor, New York, New York 10005.

The Court directs Defendants to comply with Local Civil Rule 33.2.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: April 9, 2020
       New York, New York

_____
PHILIP M. HALPERN
United States District Judge

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

# DEFENDANTS AND SERVICE ADDRESSES

1. Donna Collins
   Downstate Correctional Facility
   121 Red Schoolhouse Road
   P.O. Box 445
   Fishkill, NY 12524-0445

2. Correction Officer Esposito
   Downstate Correctional Facility
   121 Red Schoolhouse Road
   P.O. Box 445
   Fishkill, NY 12524-0445

3. Correction Officer Finn
   Green Haven Correctional Facility
   594 Route 216
   Stormville, NY 12582-0010

4. Dave Lindemann
   Green Haven Correctional Facility
   594 Route 216
   Stormville, NY 12582-0010

5. Sergeant D. Malark
   Green Haven Correctional Facility
   594 Route 216
   Stormville, NY 12582-0010

6. Sergeant D. Mazzella
   Green Haven Correctional Facility
   594 Route 216
   Stormville, NY 12582-0010

7. Sergeant W. Roser Jr.
   Green Haven Correctional Facility
   594 Route 216
   Stormville, NY 12582-0010

8. Carrie Soltish
   Green Haven Correctional Facility
   594 Route 216
   Stormville, NY 12582-0010