UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRELL GUNN,

                Plaintiff,

-against-

NURSE DONNA COLLINS; CORRECTION OFFICER ESPOSITO; CORRECTION OFFICER FINN; NURSE DAVE LINDEMANN; SERGEANT D. MAZZELLA; SERGEANT D. MALARK; SERGEANT W. ROSER, JR.; NURSE CARRIE SOLTISH, SERGEANT STEPHAN PIETRE, and OFFICER KENDRE LYONS,

                Defendants.

20-CV-1787 (PMH)

SUPPLEMENTAL ORDER OF SERVICE

PHILIP M. HALPERN, United States District Judge:

      Plaintiff, currently incarcerated in Sing Sing Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. By order dated March 24, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

      By Order dated April 9, 2020, the Court ordered the Marshals to effectuate service on eight identified Defendants.[2] (Doc. 8). To date, these Defendants have not yet been served. However, the Court granted Plaintiff's request for an extension of time for the Marshals to effectuate service on these Defendants until January 5, 2021. (Doc. 13).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] Specifically, the Court directed that Defendants Collins, Esposito, Finn, Lindemann, Mazzella, Malark, Roser, and Soltish be served. (Doc. 8).

The Court's April 9 Order also directed the New York State Department of Corrections and Community Supervision ("NYSDOCCS") to identify two John Doe Defendants pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997). (Doc. 8). By letter dated June 8, 2020, the New York Attorney General's Office identified the John Doe Defendants as Sergeant Stephan Pietre and Officer Kendre Lyons. (Doc. 10). Thereafter, on October 7, 2020, Plaintiff filed an Amended Complaint naming as Defendants Sergeant Pietre and Officer Kendre Lyons. (Doc. 14, "Am. Compl." ¶¶ 9, 12). Plaintiff also named as a Defendant the NYSDOCCS. (*Id.* ¶ 15).

For the reasons set forth below, the Court directs the U.S. Marshals Service to effect service on Defendants Pietre and Lyons and dismisses Plaintiff's claims against the NYSDOCCS.

## DISCUSSION

**A.     Service on Identified Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v.*

*Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Stephan Pietre and Kendre Lyons through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.      Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled ["Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."](#) Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

**C.      Claims against NYSDOCCS**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

NYSDOCCS is an arm of the state and thus immune from liability. *See, e.g.*, *Green v. Cent. Office Review Comm.*, No. 06-CV-6312, 2012 WL 1191596, at *2 (W.D.N.Y. Apr. 9, 2012) ("'An official arm of the state,' such as NYSDOCCS, 'enjoys the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself.'" (quoting *Posr v. Court Officer Shield No. 207,* 180 F.3d 409, 414 (2d Cir. 1999))); *Whitfield v. O'Connell*, No. 09-CV-1925, 2010 WL 1010060, at *4 (S.D.N.Y. Mar. 18, 2010), *aff'd*, 402 F. App'x 563 (2d Cir. 2010) ("[B]ecause Section 1983 does not abrogate a state's sovereign immunity, and the State of New York has not waived its immunity, claims against DOCS for both monetary and injunctive relief are barred under the Eleventh Amendment.") (internal citations omitted). Plaintiff's claims against the NYSDOCCA are therefore barred by the Eleventh Amendment and are dismissed.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff.

The Court instructs the Clerk of Court to complete the USM-285 forms with the addresses for Stephan Pietre and Kendre Lyons and deliver to the U.S. Marshals Service all documents necessary to effect service. Additionally, the Clerk shall add Defendant Lyons to the ECF docket and remove Defendant NYSDOCCS from the docket.

The Court further directs the Clerk of Court to mail a copy of this order and the complaint to the New York State Attorney General at 28 Liberty Street, 15th Floor, New York, New York 10005.

The Court directs Defendants to comply with Local Civil Rule 33.2.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: October 13, 2020
       White Plains, New York

_____
PHILIP M. HALPERN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Sergeant Stephan Pietre
   Downstate Correctional Facility
   121 Red Schoolhouse Road
   P.O. Box 445
   Fishkill, NY 12524-0445

2. Officer Kendre Lyons
   Downstate Correctional Facility
   121 Red Schoolhouse Road
   P.O. Box 445
   Fishkill, NY 12524-0445