UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRELL GUNN,

                      Plaintiff,

-against-

SERGEANT "BILL", et al.,

                      Defendants.

20-CV-1787 (PMH)

ORDER OF SERVICE

PHILIP M. HALPERN, United States District Judge:

      Plaintiff, currently incarcerated in Sing Sing Correctional Facility, brings this action *pro se* and *in forma pauperis* ("IFP"). On February 5, 2021, the Court received a letter motion from the New York State Attorney General's Office seeking an extension of time to respond to Plaintiff's amended complaint. (Doc. 27). The letter stated that (1) Defendants Lindemann, Finn, Malark, Mazzella, Roser, and Soltice were served with a summons and complaint in the wrong case; (2) based on conversations with the New York State Department of Corrections and Community Supervision ("DOCCS"), the Attorney General's Office does not believe that Defendants Collins and Esposito have been served; and (3) DOCCS is unable to identify Defendant Esposito based on the information provided in the amended complaint.

**DISCUSSION**

**A.      Service on Defendants Lindemann, Finn, Malark, Mazzella, Roser, and Soltice.**

      Because it appears that these Defendants were served with a summons and complaint for a different case, the Court directs that they be re-served with the correct summons and the amended complaint. Plaintiff has been granted permission to proceed IFP, and thus he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue

and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and amended complaint until the Court reviewed the amended complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the amended complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Lindemann, Finn, Malark, Mazzella, Roser, and Soltice through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     Defendants' request for an extension of time**

The Court grants Defendants' motion for an extension of time to respond to the amended complaint. (ECF No. 27.) Defendants Pietre, Lyons, Lindemann, Finn, Malark, Mazzella, Roser,

and Soltice shall respond to the amended complaint within thirty days of the date that Lindemann, Finn, Malark, Mazzella, Roser, and Soltice are served with the amended complaint.

**C.    Defendants Collins and Esposito**

The Attorney General's Office states that it has not received requests for representation from Defendants Collins or Esposito, and while it is investigating the issue, based on conversations with DOCCS, it has no reason to believe that those defendants were served. The Attorney General's Office also notes that DOCCS is unable to identify Defendant Esposito because there are multiple officers with that name employed at Downstate and the amended complaint contains no other identifying information.

The docket reflects that both Esposito and Collins were served with a summons and the complaint on November 23, 2020. (Doc. Nos. 24, 25.) The U.S. Marshals Process Receipt and Return forms show that service was accepted on behalf of both defendants by "Linda Kristoferson OA1." Within thirty days of the date of this order, the Attorney General's Office shall provide the Court with an update on its efforts to determine whether Defendant Collins has been served.

As for Defendant Esposito, within thirty days of the date of this order, Plaintiff is directed to file a letter with the Court providing additional detailed, descriptive information for Esposito to assist the Attorney General's Office in properly identifying this Defendant. Within thirty days after Plaintiff provides this information, the Attorney General's Office shall identify the defendant whom Plaintiff seeks to sue here and the address where this defendant may be served.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff.

The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for Lindemann, Finn, Malark, Mazzella, Roser, and Soltice, and deliver to the U.S. Marshals Service all documents necessary to effect service on these defendants.

The Court grants the Attorney General's request for an extension of time to respond to the amended complaint. (ECF No. 27.) Defendants Pietre, Lyons, Lindemann, Finn, Malark, Mazzella, Roser, and Soltice shall respond to the amended complaint within thirty days of service of the amended complaint on Lindemann, Finn, Malark, Mazzella, Roser, and Soltice.

The Court directs Plaintiff, within thirty days, to file a letter with the Court with a more detailed description for Esposito to assist the Attorney General's Office in properly identifying this Defendant.

The Court further directs the Attorney General's Office, within thirty days, to provide the Court with an update on its efforts to determine whether Defendant Collins has been served.

The Clerk is instructed to terminate ECF No. 27.

SO ORDERED.

Dated:  February 9, 2021
       White Plains, New York

                                           PHILIP M. HALPERN
                                           United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Nurse Dave Lindemann
   Green Haven Correctional Facility
   594 Route 216
   Stormville, NY 12582-0010

2. Correction Officer Finn
   Green Haven Correction Facility
   594 Route 216
   Stormville, NY 12582-0010

3. Sergeant Malark
   Green Haven Correctional Facility
   594 Route 216
   Stormville, NY 12582-0010

4. Sergeant Mazzella
   Green Haven Correctional Facility
   594 Route 216
   Stormville, NY 12582-0010

5. Sergeant W. Roser, Jr.
   Green Haven Correctional Facility
   594 Route 216
   Stormville, NY 12582-0010

6. Nurse Carrie Soltice
   Green Haven Correctional Facility
   594 Route 216
   Stormville, NY 12582-0010