UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRELL GUNN,

                       Plaintiff,

-against-

SERGEANT "BILL", et al.,

                       Defendants.

20-CV-1787 (PMH)

ORDER OF SERVICE

PHILIP M. HALPERN, United States District Judge:

      Plaintiff, currently incarcerated in Sing Sing Correctional Facility, brings this action *pro se* and *in forma pauperis* ("IFP"). On February 5, 2021, the Court received a letter motion from the New York State Attorney General's Office which, *inter alia*, notified the Court that it did not believe that Defendant Collins had been served. (Doc. 27). By Order dated February 9, 2021, the Court directed the AG's Office to investigate whether Collins had been served and provide an update within 30 days. (Doc. 28). On March 4, 2021, the AG's Office notified the Court that it appeared that Collins was not served and provided an address at which Collins can be served. (Doc. 31).

      Because Plaintiff has been granted permission to proceed IFP, and thus he is entitled to rely on the Court and the U.S. Marshals Service to effect service, *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)), the Court directs the Marshals Service to effect service on Collins. Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and

amended complaint until the Court reviewed the amended complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the amended complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Collins through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant Collins. The Clerk of Court is further instructed to issue this summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant Collins.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff. The Clerk of Court is further instructed to issue a summons, complete the USM-285 form with the addresses for Collins, and deliver to the U.S. Marshals Service all documents necessary to effect service on Defendant Collins.

3

SO ORDERED.

Dated:   March 5, 2021
        White Plains, New York

_____
PHILIP M. HALPERN
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

1. Nurse Donna Collins
   Downstate Correctional Facility
   121 Red Schoolhouse Rd.
   Fishkill, NY 12524-0445