UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

DARRELL GUNN,  **ORDER**

              Plaintiff,  20-CV-01787 (PMH)

v.

COLLINS, et al.,

              Defendants,

----------------------------------------------------------X

Counsel for Defendants and plaintiff *pro se* appeared on December 21, 2021 at 3:30 p.m. by telephone for an initial pretrial conference.

I.   Civil Case Discovery Plan and Scheduling Order

By January 20, 2022, Defendants' counsel is directed to (1) mail a copy of the Court's model Civil Case Discovery Plan and Scheduling Order to Plaintiff; and (2) file a proposed Civil Case Discovery Plan and Scheduling order containing the following deadlines:

- Fact discovery shall be completed by April 20, 2022;
- Expert discovery shall be completed by May 5, 2022;
- All discovery shall be completed by May 5, 2022; and
- A case management conference will be held on June 6, 2022 at 11:00 a.m.

II.   Esposito

On February 9, 2021, this Court issued an Order of Service that, *inter alia*, directed Plaintiff "to file a letter with the Court providing additional detailed, descriptive information for Esposito to assist the Attorney General's Office in properly identifying this Defendant." (Doc. 28). On March 3, 2021, Plaintiff filed a letter containing a description of Esposito. (Doc. 30). On April 9, 2021, Defendants' counsel filed a letter stating that DOCCS has been unable to identify a

correction offer named Esposito at Downstate or Green Haven "assigned to the Plaintiff's housing area, or assigned to escorting inmates on June 5, 2017." (Doc. 36).

Esposito has not been identified, despite multiple efforts, and therefore, has not been timely served with the Amended Complaint. Accordingly, Esposito, is dismissed as a defendant in this action. *See* Fed. R. Civ. P. 4(m).

III.  Collins

By Order dated February 9, 2021, the Court directed Defendants' counsel to investigate whether Collins had been served and provide an update within thirty days. (Doc. 28). On March 4, 2021, the Defendants' counsel notified the Court that it appeared that Collins was not served and provided an address at which Collins can be served. (Doc. 31). On March 5, 2021, the Court issued an Order of Service directing the Marshals Service to effect service on Collins at the address provided by the Defendants' counsel. To date, Collins has not been served with the Amended Complaint.

Because Plaintiff has been granted permission to proceed IFP, and thus he is entitled to rely on the Court and the U.S. Marshals Service to effect service, *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)), the Court directs the Marshals Service to effect service on Collins within ninety days of this Order. If the Amended Complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the

defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Collins through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Collins. The Clerk of Court is further instructed to issue this summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Collins.

## **CONCLUSION**

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff. The Clerk of Court is further instructed to issue a summons, complete the USM-285 form with the address for Collins, and deliver to the U.S. Marshals Service all documents necessary to effect service on Collins. Additionally, the Clerk of the Court is respectfully directed to terminate Esposito as a defendant in this action.

By January 20, 2022, Defendants' counsel shall (1) mail a copy of the Court's model Civil Case Discovery Plan and Scheduling Order to Plaintiff; and (2) file a proposed Civil Case Discovery Plan and Scheduling order containing the deadlines set forth above. The Court shall have a case management conference on June 6, 2022 at 11:00 a.m.  At the time of the scheduled conference all parties shall call (888) 398-2342; access code: 3456831. Defendants' counsel shall make all arrangements necessary for the Plaintiff to appear by telephone.

Dated: White Plains, New York
       December 22, 2021

SO ORDERED:

_____
Philip M. Halpern
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

1. Nurse Donna Collins
   Downstate Correctional Facility
   121 Red Schoolhouse Rd.
   Fishkill, NY 12524-0445