UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DARRELL GUNN,

                            Plaintiff,                   Case No. 20-CV-1787-PMH

      v.

SERGEANT "BILL", et al.,

                            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE***

Patrick Mattina
Laura Richardson
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel: (212) 841-1000
Email: pmattina@cov.com
Email: lrichardson@cov.com

*Attorneys for Plaintiff Darrell Gunn*

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ..................................................................................................... 1

**ARGUMENT**.................................................................................................................................. 2

I.     **EVIDENCE OF PLAINTIFF'S CRIMINAL HISTORY SHOULD BE EXCLUDED OR LIMITED.**........................................................................................................... 2

    A.     **Evidence of Plaintiff's Remote Convictions Should Be Excluded.** ............................... 2

    B.     **Evidence of Plaintiff's Felony Convictions For Which He Is Currently Serving a Life Sentence Should Be Excluded or Limited.**.............................................. 4

II.     **PLAINTIFF'S LITIGATION HISTORY IS INADMISSIBLE.** ............................................... 7

**CONCLUSION** ............................................................................................................................. 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Eng v. Scully*,
  146 F.R.D. 74 (S.D.N.Y. 1993) ..................................................................................7

*Giles v. Rhodes*, No. 94–cv–6385, 2000 WL 1425046 (S.D.N.Y. Sept. 26, 2000) ........................6

*Giles v. Rhodes*, No. 94–cv–6385, 2000 WL 1510004 (S.D.N.Y. Oct. 4, 2000) ..........................6

*Gunn v. Abrunzo, et. Al.*,
  No.: 16-cv-6206-CJS-MWP (W.D.N.Y.) ...................................................................8

*Gunn v. Ayala et al.*,
  No. 7:20-cv-00840-KMK-JCM (S.D.N.Y.) ...............................................................8

*Outley v. City of N.Y.*,
  837 F.2d 587 (2d Cir. 1988).......................................................................................7

*Read v. Town of Suffern Police Dept.*,
  2014 WL 7330432 (S.D.N.Y. Dec. 23, 2014) ...........................................................3

*Scotto v. Brady*,
  410 F. App'x 355 (2d Cir. 2010) ................................................................................2

*Somerville v. Saunders*,
  2014 WL 272415 (N.D.N.Y. Jan. 24, 2014) ..........................................................2, 7

*United States v. Agostini*,
  280 F.Supp.2d 260 (S.D.N.Y. 2003)...................................................................4, 5, 6

*United States v. Brown*,
  No. 07 Cr. 874(KAM), 2009 WL 728448 (E.D.N.Y. Mar. 10, 2009) ................3, 5, 6

*United States v. Estrada*,
  430 F.3d 606 (2d Cir. 2005).....................................................................................4, 5

*United States v. Flaharty*,
  295 F.3d 182 (2d Cir. 2002).......................................................................................5

*United States v. Johnson*,
  2013 WL 6091601 (S.D.N.Y. Nov. 15, 2013) ...........................................................3

*United States v. Khalil*,
  No. 05–573–cr, 2005 WL 3117195 (2d Cir. Nov. 22, 2005)......................................3

*United States v. Steele*,
 216 F. Supp. 3d 317 (S.D.N.Y. 2016).............................................................................3

**Other Authorities**

Fed. R. Evid. 403 .............................................................................................................4, 6

Fed. R. Evid. 609(a)(1) ....................................................................................................4, 6

Fed. R. Evid. 609(b)...........................................................................................................2

Fed. R. Evid. 609(b)(1).......................................................................................................2

N.Y. Penal Law § 125.27....................................................................................................4

N.Y. Penal Law § 215.50....................................................................................................2

N.Y. Penal Law § 220.06....................................................................................................2

**PRELIMINARY STATEMENT**

In this Section 1983 action, Plaintiff Darrell Gunn alleges that Defendant, former Department of Corrections and Community Supervision Sergeant Stephan Petrie, deprived him of his constitutional rights under the Eighth Amendment by using excessive force against him. In particular, Mr. Gunn alleges that Defendant Petrie physically assaulted him on June 5, 2017 when he was escorting Mr. Gunn from his cell at Downstate Correctional Facility. Mr. Gunn filed his complaint in February 2020, and litigated the case *pro se* until *pro bono* counsel was obtained in January 2024.

In advance of trial, Mr. Gunn moves to exclude irrelevant and highly prejudicial evidence of his criminal and litigation histories. *First*, Mr. Gunn seeks to preclude Defendant's introduction of any evidence concerning Mr. Gunn's prior criminal convictions, which have no relevance to the parties' claims or defenses or Mr. Gunn's credibility or character for truthfulness. *Second*, Mr. Gunn seeks to exclude any evidence concerning other litigation he has brought relating to his incarceration, which likewise risks prejudicing Mr. Gunn at trial. Whatever probative value such evidence may have is substantially outweighed by the danger of unfair prejudice, and as such, this evidence should be excluded from trial pursuant to Federal Rules of Evidence 402, 403, 404, 608, 609, and 802.

For these and other reasons, Plaintiff's motion *in limine* should be granted.[1]

---

[1] Pursuant to Rule 6.B(iii) of the Court's Individual Practices, Plaintiff's Motion in Limine is timely as it is submitted within 30 days after the filing of the final Joint Pretrial Order, which was issued by the Court on July 16, 2024 (Doc. 129). Alternatively, while a trial date has arguably not been "fixed" pursuant to Rule 6.B of the Court's Individual Practices, the Parties were informed by the Court on August 2, 2024 that "this action is scheduled as the back-up case that may proceed to trial in place of the primary case scheduled for October 7, 2024, if that primary case does not go forward." (Doc. 130). For all intents and purposes, and unless informed otherwise, counsel for the Plaintiff are treating October 7, 2024 as the "fixed" trial date, and therefore contend that this motion is otherwise timely as it is filed well in advance of 21 days before the date of commencement of trial.

1

## ARGUMENT

**I. EVIDENCE OF PLAINTIFF'S CRIMINAL HISTORY SHOULD BE EXCLUDED OR LIMITED.**

    **A.    Evidence of Plaintiff's Remote Convictions Should Be Excluded.**

Mr. Gunn has two criminal convictions that pre-date 2003, are remote, and should be excluded from evidence at his upcoming trial. The first such conviction occurred on May 3, 1994, when Mr. Gunn pled guilty in New York State Court (Syracuse City Court) to the charge of criminal contempt in the second degree, which was a class A misdemeanor ("the Contempt Conviction"). N.Y. Penal Law § 215.50. As part of that conviction, Mr. Gunn was sentenced to a term of imprisonment of six months. The second such conviction occurred on February 11, 1997, when Mr. Gunn pled guilty in New York State Court (Onondaga County Court) to the charge of criminal possession of a controlled substance in the fifth degree, which was a class D felony under New York law (the "Controlled Substance Conviction"). N.Y. Penal Law § 220.06. As part of that conviction, Mr. Gunn was sentenced to a term of imprisonment of two to four years.

As both the Contempt Conviction and the Controlled Substance Conviction, and Mr. Gunn's release from confinement for those convictions occurred more than ten years ago, Rule 609(b) applies. *See* Fed. R. Evid. 609(b) (providing that Rule 609(b) applies "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later"). Under Rule 609(b), evidence of prior remote convictions is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1). This rule is rigorously enforced. Indeed, the Second Circuit has repeatedly recognized that "convictions over ten years old [should] be admitted very rarely and only in exceptional circumstances." *Scotto v. Brady*, 410 F. App'x 355, 360 (2d Cir. 2010) (citation omitted); *see also Somerville v. Saunders*, 2014 WL 272415, at *7 (N.D.N.Y. Jan.

2

24, 2014) (finding that "remote" convictions are "presumptively inadmissible").

Here, Mr. Gunn's Contempt Conviction and Controlled Substance Conviction both occurred over ten years ago and are of little probative value in assessing his character for truthfulness. In relation to the Contempt Conviction, as it does not involve any elements of falsity or deceit, it is of little probative value in assessing his character for truthfulness. *See Read v. Town of Suffern Police Dept.*, 2014 WL 7330432 at *3 (S.D.N.Y. Dec. 23, 2014); *United States v. Khalil*, No. 05–573–cr, 2005 WL 3117195, at *2 (2d Cir. Nov. 22, 2005) (summary order) (concluding that the violation of a protective order "is not, on its face, probative of credibility such as those convictions for perjury, criminal fraud, and embezzlement" for purposes of Rule 609(a)(2)); *United States v. Brown*, No. 07 Cr. 874 (KAM), 2009 WL 728448, at *7 (E.D.N.Y. Mar. 10, 2009) (ruling that a "conviction for criminal contempt is low on the impeachment value scale" because it is "not, by its nature, probative of veracity or credibility" (ellipses and internal quotation marks omitted)). The same is true for the Controlled Substance Conviction, which is not probative of Mr. Gunn's truthfulness as it is well-settled that "convictions for drug crimes are not relevant to a defendant's in-court veracity, dishonesty, or false statement." *United States v. Johnson*, 2013 WL 6091601, at *12 (S.D.N.Y. Nov. 15, 2013); *id.* at *12–13 (observing that "[c]onvictions for possession of a controlled substance . . . rank especially low on the 'impeachment value scale'" and that "Second Circuit courts routinely exclude prior drug convictions under F.R.E. 609, due to their low impeachment value" (citation omitted)); *United States v. Steele*, 216 F. Supp. 3d 317, 327 (S.D.N.Y. 2016) ("A prior narcotics conviction that does not apparently involve falsity is rarely probative of a witness's character for truthfulness.").

As both the Contempt Conviction and Controlled Substance Conviction occurred more than 10 years ago and are not probative of Mr. Gunn's character for truthfulness, they do not

3

overcome the presumption of inadmissibility for remote convictions under Rule 609(b). Defendant should therefore be precluded from introducing any evidence of the Contempt Conviction and Controlled Substance Conviction at Mr. Gunn's upcoming trial.

> **B.      Evidence of Plaintiff's Felony Convictions For Which He Is Currently Serving a Life Sentence Should Be Excluded or Limited.**

On August 21, 2003, Mr. Gunn pled guilty in New York State Court (Onondaga County Court) to the charges of murder in the first degree, and attempted murder in the first degree, which were both Class A-I felonies (the "Murder Convictions"). N.Y. Penal Law § 125.27. The Murder Convictions involved Mr. Gunn taking the life of his ex-girlfriend, Aeisha Jackson, and attempting to take the life of her mother, Mary Ann Turner. As part of those convictions, Mr. Gunn was sentenced to life imprisonment without parole. Mr. Gunn is currently serving this life sentence and is incarcerated at Sullivan Correctional Facility in Fallsburg, New York.

Rule 609(a)(1) provides that evidence of a prior conviction punishable by more than one year of imprisonment may be introduced at trial only to "attack[] a witness's character for truthfulness." Fed. R. Evid. 609(a)(1). However, Rule 609(a)(1) is expressly conditioned on and subject to Rule 403, which provides that relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, while Mr. Gunn's Murder Convictions involved acts of violence, they shed little light, if any at all, on his disposition for telling the truth. *See, e.g.*, *United States v. Estrada,* 430 F.3d 606, 607 (2d Cir. 2005) ("acts of violence, which may result from a short temper, a combative nature, extreme provocation, or other causes . . . generally have little or no direct bearing on honesty and veracity.") (internal quotations omitted); *United States v. Agostini*, 280 F.Supp.2d

4

260, 262 (S.D.N.Y. 2003) (noting "the Second Circuit's inclination to preclude the discussion of a witness's prior commission of violent crimes because of such crimes' lack of relevance to the issue of the witness's veracity"); *United States v. Flaharty*, 295 F.3d 182, 190–191 (2d Cir. 2002) (finding that a witness's involvement in a murder can be precluded from cross-examination because "[m]urder generally is not a crime of dishonesty, and nothing about the . . . murder suggested that it would in any way reflect on [the witness's] truthfulness."). There is also nothing in the record to suggest that Mr. Gunn's Murder Convictions involved any falsity or dishonesty, and thus these convictions should be excluded from trial. While the crimes were undoubtedly heinous and violent, they involved no falsity or dishonesty; thus the Murder Convictions should be excluded.

Further, in light of the particular facts surrounding Mr. Gunn's Murder Convictions, the risk of prejudice substantially outweighs any minimal probative value of Mr. Gunn's Murder Convictions as they relate to his or her propensity for truthfulness. *See, e.g., United States v. Agostini*, 280 F.Supp.2d 260, 262 (S.D.N.Y. 2003) (finding the introduction of evidence of arrests for domestic violence against a witness's ex-girlfriend prejudicial and improper, "the discussion of which could inflame the jury against Crowder due to the violent nature of the alleged crimes and the sensitive issue of domestic violence"); *United States v. Estrada,* 430 F.3d 606, 618 (2d Cir. 2005) ("noting that for particularly depraved and offensive acts, such as wanton violence or sexual immorality, the jury is likely to draw the prejudicial inference that the witness is a bad person") (quotations omitted); *United States v. Brown*, 606 F. Supp. 2d 306, 316 (E.D.N.Y. 2009) (finding the evidence underlying defendant's prior conviction "highly prejudicial in its own right" because the fact that defendant "threatened a person with an ice pick may unfairly prejudice the jury as they may infer that [defendant] is simply just a 'bad person'"). Knowledge of the Murder

5

Convictions could prejudice the jurors against Mr. Gunn, causing them to evaluate his worth as a witness based on his status as a convicted murderer, regardless of the actual relevance of the Murder Convictions,. *Agostini*, 280 F.Supp.2d at 262.

Evidence of the length of the sentence Mr. Gunn is serving for his Murder Convictions should also be excluded because the fact that Mr. Gunn is serving a life sentence offers no probative value as to his character for truthfulness and is highly prejudicial. *See* Fed. R. Evid. 609(a)(1); Fed. R. Evid. 403. A trial court may exclude evidence of the length of the sentence for a prior conviction when its probative value is outweighed by its prejudicial effect. *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009); *see also Giles v. Rhodes*, No. 94–cv–6385, 2000 WL 1425046, at *13 (S.D.N.Y. Sept. 26, 2000) (excluding evidence of the length of the sentence imposed for a prior felony conviction, as well as the fact of the conviction itself, as the impeaching party had failed to explain how the length of the sentence had "any impeachment value at all" and the risk for unfair prejudice was great because the term of the sentence was so long that the jury could infer that the witness "must have committed a serious and possibly violent crime"); *Giles v. Rhodes ("Giles II")*, No. 94–cv–6385, 2000 WL 1510004, at *1 (S.D.N.Y. Oct. 4, 2000) (admitting evidence of the fact that a witness was convicted of a felony and was sentenced to more than one year in prison, but upholding earlier ruling that the details "and circumstances of [the witness's] conviction and length of his sentence [still] pose[d] a danger of unfairly prejudicing the jury ... and [still] carr[ied] little probative value").

In the alternative, if the Court were to conclude that the probative value of Mr. Gunn's Murder Convictions were not "substantially outweighed" by a danger of unfair prejudice, the information given to the jury should be limited to the fact that Mr. Gunn was previously convicted of a felony and sentenced to a term of more than one year in prison. As courts have recognized,

6

where, as here, the underlying facts and names of a plaintiff's offenses are not probative of truthfulness—and the jury's knowledge of such information would be prejudicial or needlessly cumulative—the facts, names, and dates of the offenses should be excluded from the jury. *See, e.g.*, *Somerville*, 2014 WL 272415, at *10 ("The fact that the Plaintiff is a convicted felon, and that the circumstances underlying the instant matter arose while he was incarcerated, are sufficient to impeach his credibility. A recitation of Plaintiff's criminal history would be cumulative, and thus, unduly prejudicial."); *see also id.* ("[T]he probative value of the name, nature, and number of the convictions as well as the date and the sentence imposed is substantially outweighed by the danger of unfair prejudice. Accordingly, evidence as to the fact that Plaintiff is currently incarcerated on the basis of felony convictions is admissible; the names, nature, number, dates, and sentences of the convictions are not.").

## II.     PLAINTIFF'S LITIGATION HISTORY IS INADMISSIBLE.

Separate from the instant lawsuit, Mr. Gunn has filed other lawsuits against government agencies and employees concerning events that have taken place during his incarceration. Some of these lawsuits have since been dismissed, and some are still pending. Defendant should be precluded from introducing evidence of these other lawsuits at trial in this matter.

As the Second Circuit has recognized, evidence of a party's litigation history can result in undue prejudice to that party, painting him or her as a "chronic litigant" whose claims are not meritorious. *Outley v. City of N.Y.*, 837 F.2d 587, 591–92 (2d Cir. 1988). For this reason, courts routinely exclude evidence of a party's litigation history, especially in the Section 1983 context. *See, e.g., id.* at 595 (holding that admission of evidence of plaintiff's litigation history likely led jury to view him "first and foremost as a bringer of nuisance lawsuits" and thus he "did not receive a fair hearing"); *Eng v. Scully*, 146 F.R.D. 74, 79 (S.D.N.Y. 1993) (suppressing evidence of

plaintiff's lawsuits because it "would potentially unfairly prejudice the jury against Plaintiff by painting him as a litigious character who lacks validity").

This rule applies with special force here, as a number of Mr. Gunn's lawsuits are still pending, and Mr. Gunn may ultimately prevail on his claims. *See, e.g.*, *Gunn v. Ayala et al.*, No. 7:20-cv-00840-KMK-JCM (S.D.N.Y.); *Gunn v. Abrunzo, et. al.*, No.: 16-cv-6206-CJS-MWP (W.D.N.Y.). Defendant should not be allowed to unfairly malign Mr. Gunn by raising his litigation history at trial.

## CONCLUSION

For these reasons, Plaintiff's motion *in limine* should be granted.

Dated:  August 15, 2024

Respectfully submitted,

*s/ Patrick Mattina*
Patrick Mattina
Laura Richardson
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel:  (212) 841-1000
Email:  pmattina@cov.com
Email:  lrichardson@cov.com

*Attorneys for Plaintiff Darrell Gunn*

8