UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRELL GUNN,

                              Plaintiff,

                -against-

SERGEANT "BILL", et al.,

                              Defendants.

**ORDER**

20-CV-1787 (PMH)

PHILIP M. HALPERN, United States District Judge:

Darrell Gunn ("Plaintiff"), currently incarcerated at Sullivan Correctional Facility, brings this action against former Department of Corrections and Community Supervision Sergeant Stephan Petrie ("Defendant"), alleging a violation of his Eighth Amendment rights under 42 U.S.C. § 1983 in connection with the alleged use of excessive force on June 5, 2017. (Doc. 129, "Joint Pretrial Order"). This matter is proceeding to a jury trial on October 7, 2024. (Doc. 139).

Before the Court is Plaintiff's August 15, 2024 motion *in limine* which seeks preclusion of any evidence of (i) Plaintiff's prior criminal convictions and (ii) Plaintiff's litigation history. (Doc. 131; Doc. 132, "Pl. Br."). Following an extension of time, Defendant filed his opposition on September 4, 2024. (Doc. 135, "Def. Br.").

For the following reasons, Plaintiff's motion *in limine* is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

Plaintiff alleges that on June 5, 2017, he was escorted by Defendant and another correction officer to the Downstate Correctional Facility ("Downstate") medical clinic. (Doc. 14, "Am. Compl." ¶ 23). Plaintiff maintains that Defendant and two other correction officers pulled him into the stairwell and dragged his limp body up and down several flights of stairs, causing injury to

several parts of his body. (*Id*. ¶¶ 24-28, 33). Defendant denies these allegations. (Doc. 43 at 4-5, "Answer"). Plaintiff seeks $100,000 in damages for emotional distress and/or pain and suffering, as well as nominal damages and $100,000 in punitive damages. (Joint Pretrial Order at 4; Doc. 128).

Plaintiff has a separate lawsuit currently pending in the Southern District of New York, filed on March 30, 2020, which alleges that a correctional officer took away his property and confined him to keeplock for approximately one day (from June 1 to 2, 2017) in retaliation for filing grievances. (*Gunn v. Malani*, No. 20-CV-02681, Docs. 28, 63). Plaintiff alleges in that suit that the defendant's actions caused him to suffer "undue incredible hardships, worrying, loss of appetite, high levels of stress, agony, anxiety, anger, degradation, depression, dehumanization, paranoia, injustice, hopelessness, despair . . . fear, retaliation, threats and intimidations" causing him to be "permanently psychologically scarred [sic] which he cannot live a normal life anymore." (*Id*. at ¶ 32).

Additionally, Plaintiff has another lawsuit currently pending in this District, filed on January 30, 2020, which alleges that a correction officer assaulted him on or about October 18 or 19, 2017, in retaliation for filing grievances. (*Gunn v. Ayala et al.*, No. 20-CV-00840, Doc. 92 at ¶¶ 10-12). Plaintiff seeks in that suit compensatory damages for "undue incredible human hardships, nonstop headaches, blurry vision, high levels of stress, emotional trauma, physical trauma, anxiety, anger, agony, depression, fear, dehumanization, degradation, paranoia, injustice, physical pain and emotional pain and suffering . . . worrying, post trauma stress disorder, hopelessness, and despair." (*Id*. at ¶ 16).

**STANDARD OF REVIEW**

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001). "Courts considering a motion *in limine* may reserve decision until trial, so that the motion is placed in the appropriate context." *Gogol v. City of New York*, No. 15-CV-05703, 2018 WL 4616047, at *1 (S.D.N.Y. Sept. 26, 2018) (citing *Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Grp.*, 937 F.Supp. 276, 283 (S.D.N.Y. 1996)). A court's ruling on a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." *Luce*, 469 U.S. at 41.

**ANALYSIS**

I.    Admissibility of Plaintiff's Prior Criminal Convictions

Plaintiff seeks to preclude Defendant from offering any evidence of his prior criminal convictions at trial, including the length of the sentence Plaintiff is currently serving for such prior convictions. (Pl. Br. at 6-11). Plaintiff asks, in the alternative, that the information given to the jury be limited to the fact that Plaintiff was previously convicted of a felony and sentenced to a term of more than one year in prison. (Pl. Br. at 10-11). Defendant responds that he does "not intend to elicit testimony regarding Plaintiff's past convictions" and "is willing to stipulate to language informing the jury that Plaintiff was convicted of a felony and imprisoned for a period of more than one year." The parties shall, by September 26, 2024, meet and confer to agree on the language of a stipulation informing the jury that Plaintiff was previously convicted of a felony and sentenced to a term of imprisonment of more than one year.

Accordingly, Plaintiff's motion *in limine* to preclude Defendant from offering evidence of his prior criminal convictions is denied as moot, subject to the parties' execution of the stipulation.

II.    <u>Admissibility of Plaintiff's Litigation History</u>

Plaintiff seeks to preclude evidence that he has filed other lawsuits regarding events that took place during his incarceration on the basis that it is unduly prejudicial to paint him as a "chronic litigant." (Pl. Br. at 11-12). Courts in the Second Circuit have repeatedly held, as Defendant acknowledges (Def. Br. at 2-5), that "it is improper for a court to admit evidence of prior lawsuits for the purpose of demonstrating that a plaintiff is a 'chronic litigant.'" *Hickey v. Myers*, No. 09-CV-01307, 2013 WL 2418252, at *4 (N.D.N.Y. June 3, 2013) (quoting *Outley v. City of New York*, 837 F.2d 587, 591-93 (2d Cir. 1998)). "Prior lawsuits have been found admissible at trial, however, if they are offered for purposes other than to prove a party's litigiousness." *Id.* (citing *Brewer v. Jones*, 222 F. App'x 69, 70 (2d Cir. 2007)); *see* Fed. R. Evid. 404(b). Here, Defendant requests that evidence of Plaintiff's other lawsuits be admitted for the purpose of challenging Plaintiff's credibility and tracing the source of Plaintiff's claimed damages. (Def. Br. at 2-5). Plaintiff maintains that the probative value of admitting such evidence would be substantially outweighed by the danger of unfair prejudice. (Pl. Br. at 5).

First, Defendant argues that each of Plaintiff's three lawsuits filed in the Southern District of New York in 2020, which concern incidents that occurred in 2017, "raise strikingly similar claims" involving allegations of unprovoked assault and retaliation by corrections officers and, therefore, bear on Plaintiff's credibility. (Def. Br. at 3). Evidence of Plaintiff's litigiousness may be "admissible as legitimately bearing on [Plaintiff's] credibility." *Tomaino v. O'Brien*, 315 F. App'x 359, 361 (2d Cir. 2009); s*ee Outley*, 837 F.2d at 593; *see also Bermudez v. City of New York*, No. 15-CV-03240, 2019 WL 136633, at *7 (E.D.N.Y. Jan. 8, 2019) ("[E]vidence of factually

4

similar lawsuits introduced for a permissible purpose under Rule 404(b) may be admitted."). However, the Court does not find that Plaintiff's prior lawsuits—which involve an alleged assault and retaliatory acts by corrections officers—are so "strikingly similar" to the claims in this action to be probative of Plaintiff's credibility and overcome the risk of unfair prejudice. *C.f. Tomaino*, 315 F. App'x at 361 ("The jury might . . . have reasonably inferred from the five previous occasions on which he had made strikingly similar claims, that his testimony in support of a sixth such suit was not credible."). Accordingly, Defendant is precluded from offering evidence of Plaintiff's litigation history to the extent it is offered as bearing on Plaintiff's credibility.

Defendant next argues that evidence of Plaintiff's other lawsuits is probative of whether the alleged damages can be appropriately traced to the allegations in this case. (Def. Br. at 2). The Second Circuit has found evidence of prior lawsuits admissible where the evidence was "relevant to show a possible cause of [Plaintiff's] injury unrelated to the acts of the defendant," and where the district court had correctly determined that "the probative value of the evidence outweighed any possibility of prejudice." *Brewer*, 222 F. App'x at 70. The Second Circuit further found that the potential prejudice was mitigated by the Defendant's "scrupulous[ ] confine[ment of] its use of the challenged evidence to the purpose for which it was admitted." *Id*. at 71. Here, Defendant seeks to offer evidence of the *Ayala* lawsuit, filed prior to this action, and the *Malani* lawsuit, filed subsequent to this action, both of which involve incidents close in time to the incident at issue here. (Def. Br. at 3). Defendant contends that since Plaintiff is seeking damages for emotional distress and pain and suffering, he should be permitted to cross-examine Plaintiff with respect to these other litigations which could have a bearing on Plaintiff's emotional state. (Def. Br. at 4).

If Plaintiff testifies at trial to his emotional distress and pain and suffering caused by Defendant on June 5, 2017, his claims of injury stemming from these other incidents that occurred

in 2017 would be relevant under Federal Rule of Evidence 401 because they "have the tendency to make the cause and amount of damages alleged in this action to be more or less probable." *Domroes v. Czerkies*, No. 19-CV-00932, 2024 WL 3791180, at *3 (N.D.N.Y. Aug. 13, 2024). Thus, should Plaintiff open the door by testifying about the cause of these damages, the Court will permit Defendant to introduce evidence of Plaintiff's alleged injuries in the *Ayala* and *Malani* lawsuits to refute causation of damages. Such evidence will be strictly limited in scope to mitigate the potential for unfair prejudice. Defendant will not be permitted to cross-examine Plaintiff "using language that references a 'lawsuit' or portrays him as being litigious." *Domroes*, 2024 WL 3791180 at *3; *see also Chepilko v. Major*, No. 06-CV-05491, 2012 WL 13135142, at *5 (E.D.N.Y. Apr. 5, 2012) ("While defendants may introduce evidence of plaintiff's other lawsuits for the purpose of refuting plaintiff's claims that his alleged injuries were caused by the acts of the defendants in this case, they may not present this evidence for the purpose of portraying plaintiff as litigious.").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion *in limine* is GRANTED IN PART and DENIED IN PART.

(1) Plaintiff's motion to preclude evidence of his prior criminal convictions is denied as moot. The parties shall, by October 2, 2024, meet and confer and file a stipulation informing the jury that Plaintiff was previously convicted of a felony and sentenced to a term of imprisonment of more than one year.

(2) Plaintiff's motion to preclude evidence of his other lawsuits is granted in part and denied in part. The motion is granted to the extent Defendant seeks to offer evidence of Plaintiff's other lawsuits for the purpose of showing his propensity for filing lawsuits or as bearing

on his credibility. The motion is denied to the extent Defendant seeks to offer evidence of Plaintiff's other lawsuits for the purpose of refuting causation of damages. Defendant will be permitted to offer evidence regarding injuries claimed in the *Malani* and *Ayala* lawsuits, only if Plaintiff testifies at trial that he suffered emotional injury as a result of the June 5, 2017 incident.[1]

**SO ORDERED.**

Dated:  White Plains, New York
        September 27, 2024

_____
PHILIP M. HALPERN
United States District Judge

---

[1] Defendant also seeks to offer evidence of Plaintiff's pending lawsuit in the Western District of New York where he alleges excessive force and sexual abuse in connection with an assault on or about March 29, 2013. (Def. Br. at 3, 5 (citing *Gunn v. Abruzzo*, No. 16-CV-06206)). However, the alleged assault in *Abruzzo*, which occurred more than four years prior to the incident subject of this action, is too far attenuated from the incident at issue to be probative of the cause of Plaintiff's claimed injuries. Accordingly, Plaintiff's motion is granted to the extent he seeks to preclude Defendant from introducing evidence of the *Abruzzo* lawsuit.